1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

10  | UNITED STATES OF AMERICA,              )  1:07-cv-1587 AWI-GSA
                                           )
11  |          Plaintiff,                   )  **FINDINGS AND RECOMMENDATIONS**
                                           )  **REGARDING MOTION TO SET ASIDE**
12  |  v.                                   )  **ADMINISTRATIVE FORFEITURE OF**
                                           )  **SEIZED JEWELRY**
13  | APPROXIMATELY $3,199.20 in U.S.        )
       Currency; APPROXIMATELY $230.61 in  )  (Document 34)
14  | U.S. Currency,                        )
                                           )
15  |          Defendants.                  )
                                           )
16

17

18                              **PROCEDURAL BACKGROUND**

19         On October 31, 2007, the United States of America ("Government") filed a Verified

20  Complaint for Forfeiture *In Rem* against Defendants approximately $3,199.20 in United States

21  currency and approximately $230.61 in United States currency.  More particularly, the monies

22  had been seized from Bank of America accounts maintained in Bakersfield, California, and the

23  Government asserted those funds constituted money furnished or intended to be furnished in

24  exchange for a controlled substance, thereby subjecting it to forfeiture.  (Doc. 1.)

25         Following service and publication, claims were filed on January 30, 2008, by Amen

26  Ahmed Ali and Zafran Ali.  (Docs. 26 & 27.)

27

28                                           1

1    On April 22, 2008, this matter was stayed via stipulation pending the conclusion of the

2    criminal proceeding then-pending against Claimant Amen Ali.  (Doc. 14.)

3    On December 8, 2011, the parties stipulated that because the criminal proceedings against

4    Amen Ali had concluded, the previously-imposed stay should be lifted.  (Doc. 19.)

5    On February 15, 2012, the parties filed a stipulation permitting Claimants to file an

6    answer to the verified complaint no later than February 24, 2012.  That same date, Claimants

7    filed an answer.  (Docs. 31 & 32.)

8    Thereafter, on September 25, 2012, a Motion to Set Aside Administrative Forfeiture of

9    Seized Jewelry was filed by Claimants Amen and Zafran Ali, as well as Yosra Ali, Somayah Ali

10   and Assma Ali (collectively "Movants").  (Docs. 34-36.)  On October 12, 2012, the Government

11   filed its opposition to the motion.  (Docs. 37-39.)  On October 26, 2012, a reply to the opposition

12   was filed.  (Doc. 44.)

13   On December 5, 2012, the undersigned determined the pending motion was suitable for

14   decision without oral argument pursuant to Local Rule 230(g), and thus the matter was taken

15   under submission for written decision.  (Doc. 45.)

16   For the reasons that follow, this Court will recommend the motion be denied.

17                                          **DISCUSSION**

18   ***Introduction***

19   This case presents an interesting issue.  Specifically, the Movants are requesting a review

20   of the administrative forfeiture of property, i.e. jewelry, that is not the subject of the complaint.

21   Morever, Movants have not previously made a claim *to the jewelry* in the proceeding pending

22   before this Court.  Part and parcel to their arguments set forth in the motion, Movants Yosra,

23   Somayah and Assma Ali request that they be permitted to be parties to this action and all

24   Movants request that this Court permit joinder of the seized jewelry and that it be designated a

25   named defendant.

26

27

28                                               2

Movants assert, pursuant to Rule 41(g) of the Federal Rules of Civil Procedure, Title 18 of the United States Code section 983, and the Due Process Clause of the Fifth Amendment, that the administrative forfeiture of the seized jewelry should be set aside because despite repeated requests that the Government provide certain information[1], it never responded to the request, thus depriving Movants of their constitutional rights to due process.  Additionally, Movants contend the seizure violates the Eighth Amendment prohibition against the imposition of excessive fines.

The Government opposes the motion, contending as follows: (1) that the Movants failed to commence a civil action against the United States because the instant action was initiated by the Government and involves separate assets; (2) that the motion should be rejected pursuant to Title 18 of the United States Code section 983; (3) that the motion should be rejected pursuant to res judicata; (4) that the Movants have failed to demonstrate a due process violation; and (5) that the administrative forfeiture does not amount to an excessive fine in violation of the Eighth Amendment.

### Summary of the Administrative Proceedings re Jewelry

On October 27, 2006, the Federal Bureau of Investigation (FBI) sent notices of the seizure of the subject jewelry, via certified mail, to both Mr. Amen Ahmed Ali and Mrs. Zafran Ali at 4617 Panorama Drive in Bakersfield, California.  Additionally, on that same date, the notice was also sent to Mr. Amen Ahmed Ali in care of the Fresno County Jail.

Both certified receipts relating to the notices sent to Amen and Zafran Ali at the Bakersfield residence were signed for on October 30, 2006, by an individual with the surname Ali.  The certified receipt corresponding to the notice sent to Amen Ali at the Fresno County Jail was signed by a Narciso Quintana, as agent, on November 1, 2006.

---

[1]The information being sought included the factual and statutory basis for the Government's decision to seize the jewelry, for copies of evidence used in connection therewith, and for an explanation of the reasons for bringing the forfeiture action.

3

1  No claims having been filed, the jewelry was administratively forfeited to the

2  Government on March 14, 2007.  At that time, the value of the jewelry was assessed at

3  $47,115.04.

4  On May 8, 2007, Yosra Ali, Somayah Ali, Assma Ali, Zafran Ali and Bigdad[2] Ali

5  directed Claims of Ownership to the FBI, each claiming a portion of the seized jewelry had been

6  her dowry gift and that it was acquired lawfully.  Additionally, each claimed Amen Ali had "no

7  right, title or interest" in the jewelry.

8  On that same date, Yosra Ali, Somayah Ali, Assma Ali, Zafran Ali and Bigdad Ali

9  directed Petitions for Remission or Mitigation to the FBI.  The petitions claimed each was the

10  lawful owner of the jewelry, that it was not used for any unlawful purpose, and that Amen Ali

11  was not the owner of the seized jewelry as the jewelry was lawfully obtained by dowry.  Each

12  petition also claimed that a notice of seizure "was not mailed to petitioner at her address."

13  On May 15, 2006, Chief Division Counsel Brian Callihan with the FBI separately wrote

14  to Yosra, Somayah, Assma, Zafran and Bigdad Ali to advise that their petitions for remission and

15  mitigation had been received and that an investigation and review would be completed.

16  On May 16, 2007, Mr. Callihan separately directed registered mail to Yosra, Somayah,

17  Assma, Zafran and Bigdad Ali.  Each was advised that because they had received a notice letter

18  at their residence in Bakersfield on October 30, 2006, and because none had filed a claim to the

19  property by the deadline provided therein - December 1, 2006 - the jewelry had been

20  administratively forfeited to the Government on March 14, 2007.

21  On August 13, 2008, more than two years after Yosra, Somayah, Assma, Zafran and

22  Bigdad Ali filed their petitions for remission and mitigation, counsel for Claimants Amen and

23  Zafran Ali in this proceeding, Richard M. Barnett, directed correspondence to the Special Agent

24  in Charge at the FBI's office in Sacramento on behalf of Zafran, Somayah, Assma and Yosra Ali.

25

26  [2]Bigdad Ali has neither filed a claim nor an answer in this action, and is not listed as a Movant in the instant

27  motion.

28  4

The correspondence indicates the petitioners "would like to supplement the pending" petitions with "additional relevant facts," and requested "(1) the factual and statutory basis for the government's decision to seize the jewelry; (2) copies of adverse evidence the FBI has used in connection with the forfeiture proceedings; and (3) an explanation for the reasons for bringing this forfeiture action," citing to *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997).

On September 25, 2008, Mr. Barnett directed additional correspondence to the Special Agent in Charge of the FBI, seeking a response to his earlier correspondence.

On February 1, 2012, FBI Assistant General Counsel David W. Jensen advised Mr. Barnett, via certified letter, that the petitions for remission or mitigation had been reviewed and denied. More particularly, the petitions were denied because the jewelry was "traceable to proceeds from the sale of illegal narcotics, and [because] the petitioners were aware of this activity. During the criminal investigation, controlled substances were found in the petitioners' residence and stored with the jewelry. In addition, the investigation established that the petitioners had little to no legitimate income, and their primary source of income came from the sale of illegal narcotics." Thus, the petitioners could not have had "a valid, good faith, and legally cognizable interest" in the seized jewelry. Finally, the letter concluded, petitioners failed to provide information sufficient to refute the evidence obtained during the investigation.

On February 14, 2012, on behalf of Yosra, Somayah, Assma and Zafran Ali, Mr. Barnett forwarded a Supplemental Petition in Support of Petition for Mitigation and/or Remission of Forfeiture to the FBI's Office of General Counsel in Washington, D.C. The document contends that petitioners were not aware "that any drugs had been stored in the same vessel that the jewelry was contained in," that the legal marriage contacts concerning Yosra, Somayah and Assma each reference a dowry of $15,000. The money paid to Amen Ali as dowry was then given to Yosra, Somayah and Assma for each to purchase wedding jewelry. It also indicated that the jewelry belonging to Zafran was similarly obtained, but that such proof was no longer available given the amount of time that had passed.

1    On June 19, 2012, Stephen J. Jobe, Chief of the Legal Forfeiture Unit, advised Mr.

2    Barnett, via certified letter, that "an additional review of the allegations" presented in the

3    "requests for reconsideration" had been conducted.  The requests were denied by the agency

4    because no new evidence was presented, and thus there was no basis upon which to overturn the

5    previous denial.

6    ***Analysis***

7    **The Seized Assets Named in this Action**

8    The subject of the instant motion is jewelry that was seized at the time a search warrant

9    was executed at the Ali residence located at 4617 Panorama in Bakersfield, California, on

10   September 7, 2006.  Significantly however, the seized assets that are the subject of this action are

11   solely the monies seized from the Bank of America accounts held by Claimants Amen and Zafran

12   Ali, to wit: approximately $3,199.20 and $230.61.[3]  The jewelry seized on September 7, 2006, is

13   not a named defendant asset.  Morever, the claims filed by Amen and Zafran Ali refer only to the

14   seized property that is the subject of the verified complaint; there is no mention or reference to

15   the jewelry as a seized asset.

16   Thus, the question presented is can and should this Court join the seized jewelry as a

17   named defendant?

18   In their reply to the opposition, Movants assert that the Court has jurisdiction to permit

19   permissive joinder of parties pursuant to Rule 20[4] of the Federal Rules of Civil Procedure.

---

[3] 18 U.S.C. § 983(a)(3)(A) (Government shall file complaint for forfeiture within ninety days of a claim having been filed).  Here, the Government filed a complaint involving the seized currency.  However, because no claim or claims had been filed with regard to the jewelry, its complaint did not name the jewelry as a seized asset. The jewelry had already been administratively forfeited.

[4] Rule 20(a)(2) provides as follows:
   ***Defendants***.  Persons - as well as a vessel, cargo, or other property subject to admiralty process in rem - may be joined in one action as defendants if:
       (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
       (B) any question of law or fact common to all defendants will arise in the action.

6

1   Therefore, they argue the jewelry should be joined as a defendant in this action, as it was "seized

2   at the very same time as the defendant currency," and because it involves a common question of

3   law or fact as those applicable to the seized currency.  Even assuming the accuracy of those

4   statements, the Court is not inclined to permit joinder of the jewelry.  Timely claims regarding

5   the seized jewelry were not filed despite proper notice (see Doc. 38-1, Exs. A & B).  By

6   permitting joinder, Movants would get yet another bite of the proverbial apple, and one they are

7   not procedurally entitled to otherwise.

8        Significantly, Plaintiff is the master of his complaint.  *See, e.g., Hunter v. Phillip Morris*

9   *USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), *citing Balcorta v. Twentieth Century-Fox Film Corp*.,

10  208 F.3d 1102, 1106 (9th Cir. 2000).  Here, the Government was not required to include the

11  seized jewelry as a named asset, and in fact, at the time the instant complaint was filed

12  (10/31/07), the jewelry had been administratively forfeited (3/14/07).[5]  Morever, it is clear that

13  the subject of this complaint is the currency that is described with reasonable particularity.  Fed.

14  R. Civ. Proc. Rule G(2)(c) & (d).

15       In *United States v. One Parcel of Real Property Known As 384-390 West Broadway,*

16  *South Boston, Massachusetts*, 964 F.2d 1244 (1st Cir. 1992), the Government filed a forfeiture

17  complaint describing the claimant's property as "384-390 West Broadway, South Boston,

18  Massachusetts;" the complaint made no mention of an abutting parcel with an address of 309

19  Athens Street, also owned by the claimant.  *Id*. at 1245.  After a forfeiture order was issued by the

20  district court, the Government moved the district court for a new order that would "encompass

21  both the Broadway and Athens St. properties," arguing the two parcels were linked to one

22

23       [5] A claimant to seized property "may choose to pursue either the administrative or the legal remedy,
    complying with the applicable filing deadline for its choice. . . . [I]f no one files a claim for the property, [the
24  agency] may administratively forfeit it by default, which forfeiture has the same force and effect as a final decree and
    order of forfeiture in a judicial proceeding."  *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 889
25  (D.D.C. 2009).  Like the *Malladi* court, this Court notes that the "forfeiture statutes and regulations provide
    alternative, not sequential, administrative and legal remedies for an administrative forfeiture."  *Id*. at 890.  Here,
26  Movants elected to forgo the legal remedy they now seek by choosing the discretionary administrative remedy after
    allowing the time for filing a claim under the administrative scheme to pass; Movants had both actual notice and
27  proper notice of the forfeiture proceedings here.

28                                          7

1    another as a result of transactions and use dating back to 1974.  Thus, it contended the Athens

2    Street property was "subsumed under the terms of the original order," or alternatively, that it was

3    appurtenant to the Broadway property.  *Id*. at 1246.  The appellate court noted however that

4    "[w]hile the law permits the government to seize an entire tract of land if a portion of it is used in

5    contravention of section 881(a)(7), neither the statute nor the case law mandates that the

6    government must pursue this course."  *Id*. at 1247.  That court found that "the government's

7    complaint . . . sought to forfeit the Broadway property - nothing more.  It did not . . . describe the

8    Athens St. property with 'reasonable particularity.'  Indeed, the complaint did not describe, or

9    even refer to, that parcel *at all*."  *Id*. at 1248, emphasis in original.

10           Like *One Parcel of Real Property Known As 384-390 West Broadway,* the Government's

11   complaint here seeks only to forfeit the currency seized from the Bank of America accounts and

12   nothing more.  Like *One Parcel of Real Property Known As 384-390 West Broadway*, the

13   Government's complaint did not describe or even refer to the seized jewelry.

14           In *One Parcel of Real Property Known As 384-390 West Broadway*, the Government was

15   not permitted to obtain judgment against the Athens Street property because the complaint could

16   not be interpreted to have "carefully defined" that property.  *Id*. at 1249.  Similarly then, it

17   follows that Claimants cannot now seek review of the administrative forfeiture of seized jewelry

18   in these proceedings where that same jewelry was not named, described, or even referred to in

19   the Government's complaint.  Rather, Claimants' remedy was to file their own complaint seeking

20   review of the denial of their petitions for remission and mitigation.[6]

21

22

23

24

25

26

27          [6]*See* Gete v. INS, 121 F.3d 1285 (the claimants to the seized property filed a complaint as a class).

28                                                        8

1                 **The Claimants**[7]

2        Amen Ali and Zafran Ali are the only parties to file claims and an answer in this action.

3 Thus, to the degree Yosra Ali, Somayah Ali and Assma Ali contend they own the jewelry that is

4 the subject of the motion, while that may be accurate, none are claimants in this action as none

5 have filed a claim.  Also, unlike Amen and Zafran Ali, no answer was filed on behalf of Yosra,

6 Somayah or Asma Ali.  Therefore, while Yosra, Somayah and Assma Ali may otherwise have

7 standing to pursue ownership of the jewelry, because none have filed a claim or an answer in this

8 action - and because the jewelry was not included as an asset in the complaint because it had

9 been administratively forfeited - this Court will not consider them to be moving parties.

10        Additionally, Movants contend Rule 24[8] of the Federal Rules of Civil Procedure permits

11 Yosra, Somayah and Assma Ali to intervene in this action.  However, for the same reasons given

12 above, the Court is not inclined to permit such intervention.

13        Notably, Movants have not provided any legal authority, and this Court did not locate any

14 such authority, wherein seized property that had been administratively forfeited to the

15 Government was then permissively joined, at the claimants' request, in a civil judicial forfeiture

16 action brought by the Government naming different seized property.  Likewise, Movants have

17 not provided any legal authority wherein a court allowed permissive intervention to a civil

18 _____

19        [7]The Court notes that when the instant motion was filed, Amen Ali was included as a Movant.  (*See* Doc.
20 34.)  However, in their reply to the Government's opposition, only Zafran, Yosra, Somayah and Assma Ali are listed
as Movants.  (*See* Doc. 44.)  Notably, the exhibits in support of the motion include assertions by Amen Ali's
21 daughters that he "has no right, title or interest" in the jewelry.  (*See* Docs. 35 & 36.)

22        [8]Rule 24 states as follows:
         (a) **Intervention of Right.**  On timely motion, the court must permit anyone to intervene
who:
23            (1) is given an unconditional right to intervene by a federal statute; or
           (2) claims an interest relating to the property or transaction that is subject of the action,
24 and is so situated that disposing of the action as a practical matter impair or impede the
movant's ability to protect its interest, unless existing parties adequately represent that interest.
25          (b) **Permissive Intervention.**
         (1) ***In general.***  On a timely motion, the court may permit anyone to intervene who:
26              (A) is given a conditional right to intervene by a federal statute; or
             (B) has a claim or defense that shared with the main action a common
27          question of law or fact.

28                              9

1    judicial forfeiture proceeding by parties who did not file a timely claim or answer in that

2    proceeding.

3                        **Timeliness of the Instant Motion**

4         Notwithstanding the foregoing, the motion is not timely.

5         Subdivision (e) of Title 18 of the United States Code section 983 provides as follows:

6              **Motion to set aside forfeiture.--**
             (1) Any person entitled to written notice in any nonjudicial civil forfeiture
7    proceeding under a civil forfeiture statute who does not receive such notice may
     file a motion to set aside a declaration of forfeiture with respect to that person's
8    interest in the property, which motion shall be granted if–
             (A) the Government knew, or reasonably should have known, of the
9    moving party's interest and failed to take reasonable steps to provide such party
     with notice; and
10           (B) the moving party did not know or have reason to know of the seizure
     within sufficient time to file a timely claim.
11           (2)(A) Notwithstanding the expiration of any applicable statute of
     limitations, if the court grants a motion under paragraph (1), the court shall set
12   aside the declaration of forfeiture as to the interest of the moving party without
     prejudice to the right of the Government to commence a subsequent forfeiture
13   proceeding as to the interest of the moving party.
             (B) Any proceeding described in subparagraph (A) shall be commenced–
14           (i) if nonjudicial, within 60 days of the entry of the order granting the
     motion; or
15           (ii) if judicial, within 6 months of the entry of the order granting the
     motion.
16           (3) A motion under paragraph (1) may be filed not later than 5 years after
     the date of final publication of notice of seizure of the property.
17           (4) If, at the time a motion made under paragraph (1) is granted, the
     forfeited property has been disposed of by the Government in accordance with
18   law, the Government may institute proceedings against a substitute sum of money
     equal to the value of the moving party's interest in the property at the time the
19   property was disposed of.
             (5) A motion filed under this subsection shall be the exclusive remedy for
20   seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

21        Here, subsection (3) precludes review.  The final publication of the notice of seizure

22   regarding the jewelry occurred on November 24, 2006, in the *Wall Street Journal*.  Five years

23   from November 24, 2006, would mean that any motion to set aside forfeiture must be filed no

24   later than November 24, 2011.  Movants filed their motion on September 25, 2012, or more than

25   ten months after the deadline.  Despite assertions that section 983(e) of Title 18 of the United

26

27

28                              10

1  States Code does not bar consideration of Movants' arguments, the Court is simply not

2  persuaded.

3       ***Conclusion***

4       In sum, Movants' arguments are not well taken.  First, they seek to ignore the fact they

5  received actual notice of the seizure by virtue of their presence at the time the search warrant was

6  executed and fail to offer any evidence or explanation to rebut the notice sent by the Government

7  via certified mail directed to, and received at, the Ali residence in Bakersfield.  Moreover,

8  Movants ask this Court to join an asset that was not a named defendant in the Government's

9  complaint, and further ask this Court to permit intervention by three of the Movants, none of

10 whom filed a claim or answer in this civil judicial forfeiture proceeding initiated by the

11 Government.  Therefore, the Movants' requests to circumvent the applicable forfeiture

12 regulations must be rejected.

13      Because of the unusual procedural circumstances of this case, this Court finds it

14 unnecessary to address Movants' remaining arguments regarding the statutory and factual basis

15 for the Government's decision to seize the jewelry, and the prohibition against the imposition of

16 excessive fines.

17                   **RECOMMENDATIONS**

18      For the reasons stated above, this Court recommends that the Motion to Set Aside

19 Administrative Forfeiture of Seized Jewelry be DENIED in its entirety.

20      These findings and recommendations are submitted to the district judge assigned to this

21 action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local

22 Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written

23 objections to these findings and recommendations with the Court and serve a copy on all parties.

24 Such a document should be captioned "Objections to Magistrate Judge's Findings and

25 Recommendations."  The district judge will review the magistrate judge's findings and

26 recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The

27

28

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

4      IT IS SO ORDERED.

5  **Dated:**   **January 14, 2013**              **/s/ Gary S. Austin**

6                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 12