UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br><br><br>APPROXIMATELY $3,199.20 in U.S. Currency; APPROXIMATELY $230.61 in U.S. Currency,<br><br>   Defendants. | 1:07-cv-1587 AWI GSA<br><br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PLAINTIFF'S EX PARTE MOTION FOR DEFAULT JUDGMENT**<br><br>**(Doc. 52)** |

**INTRODUCTION**

In this *in rem* forfeiture action, Plaintiff United States of America (the "Government" or "Plaintiff") filed an Ex Parte Motion for Default Judgment and for Final Judgment of Forfeiture. (Doc. 52). No opposition to the government's motion was filed. The matter was taken under submission without oral argument pursuant to Local Rule 230(g) and the hearing set for this matter was VACATED. (Doc. 54). For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion be GRANTED.

1

**FACTUAL BACKGROUND**

The Verified Complaint for Forfeiture *In Rem* (hereafter "Complaint") filed on October 31, 2007, alleges that the defendant currency constitutes moneys furnished, or intended to be furnished, in exchange for a controlled substance, or was used or intended to be used in any manner or part to commit or facilitate the commission of a violation of 21 U.S.C. § 841 *et seq.*, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). (Doc. 1 at ¶ 1).

More specifically, in May of 2004, the Federal Bureau of Investigation (FBI) initiated an investigation into the activities of a subject by the name of Amen Ahmed Ali (hereafter "Ali"). During the course of the investigation, the FBI learned that Ali was involved in a large number of on-going criminal activities and enterprises. These unlawful acts included the production and distribution of controlled substances; namely, khat (catha edulis), also referred to as salata. Fresh khat is classified as a Schedule I drug under the Controlled Substance Act and dried khat is classified as a Schedule IV drug under the Controlled Substance Act.

The investigation revealed that Ali has been selling khat since at least 2004 and that Ali sells khat to customers in the Bakersfield, Fresno, and Oakland areas of California. Ali grows khat and also acquires the narcotic from sources in other parts of California. In 2006, the FBI learned that Ali was continuing with his drug trafficking. More particularly, in January, February, March, and April of 2006, Ali engaged in additional transactions for the purchase and sale of khat. Additionally, he arranged deliveries and the growing of khat through at least April of 2006 when Ali sold bags of khat for approximately $1,200.00 per bag and instructed his wife to leave two bags of "stuff" in the front seat of the car for someone to pick up.

The complaint also alleges that in 2006, Ali's daughter claimed her father made about $122,000.00 a year selling "salad" (khat). However, tax returns and Medi-Cal information reveal

2

that Ali has claimed income of under $20,000.00 from 2000 to 2003, and has qualified for state medical assistance since 2002.

On September 7, 2006, FBI agents obtained federal seizure warrants signed by United States Magistrate Judge Theresa Goldner. Subsequent to the issuance of the seizure warrants, agents traveled to a Bank of America banking facility located at 2708 Ming Avenue in Bakersfield, California, and seized the defendant currency from accounts held in the name of Amen Ahmed Ali and Alawi M. Algumee.[1]

On August 31, 2006, a Grand Jury in the Eastern District of California indicted Amen Ahmed Ali, aka Amin Alrowhani Ali, aka Amin Al Rohany, aka Ameen Alrohany, and others with violations of 18 U.S.C. § 793(g) - Conspiracy to Possess and Transmit Defense Information; and 18 U.S.C. §§ 371 and 2278 - Conspiracy to Unlawfully Export Defense Articles, among other related charges. *See*, *United States of America v. Amen Ahmed Ali et al,* 1:06-cr-00292 LJO (E.D. Cal., Aug. 31, 2006).  On October 7, 2010, Amen Ahmed Ali plead guilty to Count One of a Superseding Indictment, charging him with Conspiracy to Act as an Illegal Agent of a Foreign Government, Unlawfully Exporting Defense Articles, and Possession of Stolen Government Property, in violation of 19 U.S.C. §§ 371, 951, and 641, and 22 U.S.C. § 2778. *United States of America v. Amen Ahmed Ali et al.*, 1:06-cr-00292 LJO (Doc. 183).  On January 7, 2011, he was sentenced to sixty months in prison, and three years of supervised release, and a special assessment of $100.00 was imposed.[2] *United States of America v. Amen Ahmed Ali et al.*, 1:06-cr-00292 LJO (Doc. 193).

## PROCEDURAL BACKGROUND

On October 31, 2007, the Government filed a civil action *in rem* for the forfeiture of the

---

[1] The government has indicated that the funds seized from the account belonging to Alawi M. Algumee are not part of the instant forfeiture action.
[2] There were two other Defendants in this case : Ibrahim Omar, who was aquitted by a jury of the charges in the Superseding Indictment and Mohamed Al-Rahimi, whose criminal case is still pending.

3

defendant $3,199.00 and $230.61 in currency pursuant to 21 U.S.C. § 881(a)(6). (Doc. 1). On November 6, 2007, the Court issued a Warrant of Arrest of Articles *In Rem* for the defendant currency. (Doc. 4). By separate order filed on November 8, 2007, the undersigned authorized public notice of the action *via* the Daily Report. (Doc. 5). Publication in a manner consistent with the Court's order was made on November 30, 2007, and proof of such publication was filed with the Court on December 27, 2007. (Docs. 5 and 9).

In addition to providing notice by publication, on November 27, 2007, copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Complaint, Warrant for Arrest of Articles *In Rem*, Application and Order for Publication, Order Setting Mandatory Scheduling Conference, Notice of Availability of Voluntary Dispute Resolution, Notice of Availability of a Magistrate Judge, and a Notice of Forfeiture Letter dated November 7, 2007, was left at Ali's home address at 4617 Panorama Drive, Bakersfield, California 93306 with his wife Zafran Ali. (Doc. 8). Furthermore, on November 8, 2007, Ali, through his counsel of record, David A. Torres, was served with copies of the above listed documents via standard first class mail. (Doc. 49-1, at pg. 2 and Ex. B).

On January 30, 2008, Claimants, Ali and his wife, Zafran Ali, filed claims to the defendant currency through counsel Richard M. Barrett.[3] The case was stayed on April 24, 2008, pending the resolution of the criminal case against Ali. (Doc. 14). The stay was lifted on December 12, 2011. (Doc. 20). On February 15, 2012, Claimants filed their answer pursuant to a stipulation of the parties. (Docs. 31 and 32).

On March 18, 2013, Claimants withdrew their claims entirely in this action.[4] (Doc. 48).

---

[3] The claims were filed in a separate case - *United States of America, v. Approximately $3,1991 in U.S Currency; and Approximately $1,067.15 in U.S. Currency*,07-MC-00005-SMS (E.D. Cal., Jan. 31, 2007) (Docs 26 and 27). On February 10, 2012, the Court consolidated both of the above referenced cases resulting in the instant action remaining.

[4] Prior to withdrawing their claims, on September 25, 2012, Claimants filed a Motion to Set Aside the Administrative Forfeiture of Jewelry that was seized as part of this investigation. This motion was denied on February 3, 2013, on

4

There have been no additional claims filed by or on behalf of Ali and Zafran Ali to the defendant currency. Moreover, time for any or entity to file a claim and answer has expired. See Rule G(5) of the Supplememtal Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. Accordingly, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on May 30, 2013, a default was entered against Ali and Zafran Ali. (Doc. 50).

## DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) provides that a court has discretion to enter default judgment against a party and provides as follows:

> (2)     By the Court. In all other cases, the party must apply to the court for default judgment. A default judgment may be entered against an infant or incompetent person only if represented by a general guardian, committee, conservator, or other like fiduciary who has appeared. If the party against whom default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to : (A) conduct an account; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *Dundee Cement Co. v. Highway Pipe & Concrete Products, Inc*. 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

In the context of an in rem forfeiture action, a court considering default judgment should also consider the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983; the Supplemental Rules of Certain Admiralty and Maritime Claims

---

the basis that the forfeited jewelry was not part of this civil action. (Docs. 46, 47).

("Supplemental Rules"); and the court's Local Rules for Admiralty and in rem actions. *See, United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir.1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules), *superseded by statute on other grounds*.

**B.      Procedural Requirements**

      **1.**      *Sufficiency of the Complaint*

Pursuant to the Supplemental Rules, the Government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the Government will be able to meet its burden of proof at trial. Fed.R.Civ.P. Supp. R. G(2).  With regard to the sufficiency of the factual detail of the verified complaint, the Government is not required to show a relationship between the proceeds of a drug crime and a specific drug transaction. Rather, circumstantial evidence may support the forfeiture of the proceeds of a drug crime. See *United States v. $30,670.00*, 403 F.3d 448, 467–70 (7th Cir. 2005) (concluding that the totality of the circumstances demonstrated that an airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of the circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

The verified complaint states the grounds for subject matter jurisdiction, *in rem* jurisdiction and venue, describes the currency seized and the circumstances surrounding the seizure, and identifies the relevant statutes.  (Doc. 1). The Government contends that the verified complaint establishes circumstantial evidence that the defendant currency was furnished or

intended to be furnished in exchange for a controlled substance or listed chemical, and is subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6).

In the absence of assertion of interests in the defendant currency, the Court will not question the facts supporting its forfeiture. As alleged, the facts provide a sufficient connection between the defendant property and illegal drug activity to support a forfeiture. Additionally, the Court notes that the Claimants, Amen Ahmed Ali and Zafran Ali, after unsuccessfully litigating the seizure of related jewelry that was confiscated as part of this criminal investigation, withdrew their claims to the defendant currency.

### 2. *Notice by Publication*

Subject to certain exceptions not present here, the Supplemental Rules also requires that the Government publish notice of the forfeiture in a manner that is reasonably calculated to notify potential claimants of the action. Fed. R. Civ. P. Supp. R. G(4)(a)(iv). The content of the notice must describe the property with reasonable particularity, state the times to file a claim and to answer the complaint, and identify the name of the government attorney to be served with the claim and answer. Fed. R. Civ. P. Supp. R. G(4)(a)(ii)(A)-(C). If the property is the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property is seized, or where property was not seized was is located. Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(A).

Here, notice of this action was published on November 30, 2007, in the Daily Report, a newspaper of general circulation in the county in which the defendant currency was seized. (Docs. 9 and Doc. 49-1).[5] The notice clearly stated the time requirements to file a claim and an answer. (Doc. 9, pg. 1). Further, the notice provided the name of the attorney to be served with any claim and answer. *Id*. Thus, the Supplemental Rule's notice by publication requirements have

---

[5] This notice is sufficient because notice of the nonjudicial forfeiture of the currency was published in the Wall Street Journal on October 20, 27, and November 3, 2006. (Doc. 5); Fed. R. Civ. P. Supp. R. G(4)(a)(iii)(B).

been satisfied.

### 3. *Personal Notice*

When the Government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated." *United States v. Real Property,* 135 F.3d 1312, 1315 (9th Cir.1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States,* 534 U.S. 161, 168 (2002); *see also* Fed.R.Civ.P. Supp. R. G(4)(b). "Reasonable notice, however, requires only that the [G]overnment attempt to provide actual notice; it does not require that the [G]overnment demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States* 417 F.3d 1189, 1197 (11th Cir.2005); *Real Property,* 135 F.3d at 1316.

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Fed. R. Civ. P. Supp. R. G(4)(b)(i). The notice must contain the following information: the date when the notice is sent; a deadline for filing a claim that is at least 25 days after the notice is sent; that an answer or a motion under Rule 12 must be filed no later than 21 days after the filing of the claim; and the name of the government attorney to be served with the claim and the answer. *Id*.

Here, the government provided notice of the forfeiture action to Ali by leaving copies of the required notices at his home with his wife. (Doc. 49). Additionally, Ali's attorney was also served with the required notices via first class mail so this requirement is met.

### 4. *The Time to File a Claim or an Answer*

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a forfeiture action must file a claim with the Court within the time specified by the direct notice.

8

Fed.R.Civ.P. Supp. G(4)(b)(ii)(B), (5)(a)(ii)(A). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing in the forfeiture proceeding. *Real Property,* 135 F.3d at 1317. On January 30, 2008, Claimants, Ali and his wife, Zafran Ali ("Claimants") both filed claims to the defendant property. (Doc. 11, 12). On February 15, 2012, Claimants filed their answer pursuant to a stipulation of the parties. (Docs. 31 and 32). Accordingly, these requirements were met. However, on March 18, 2013, Claimants withdrew their claims entirely in this action. (Doc. 48).

No other claimants have timely filed a claim or an answer.

### 5.    *Conclusion*

The Government has met the procedural requirements applicable to civil in rem forfeiture actions as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules for the U.S. District Court for the Eastern District of California. This favors the entry of default judgment and the issuance of a final judgment in forfeiture to vest in the United States all right, title, and interest in the defendant currency.

### C.    *The Eitel Factors Weigh in Favor of Granting Default Judgment*

The Government seeks judgment against the interests of Amen Ahmed Ali and Zafran Ali and also requests that the Court enter a Final Judgment of Forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the defendant currency to the United States, to be disposed of according to law. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem.* Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

When considering whether to enter default judgment under Fed. R. Civ. P. 55, courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of

plaintiff's substantive claim; (3) the sufficiency of the compliant; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cit.1986).

The discretionary *Eitel* factors outlined above favor granting the Government's motion for default judgment.  First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimants have withdrawn their claims. Second, the Government's claims appear to have merit. Third, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action *in rem.* Fourth, the currency that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the Government's motion. Fifth, there are no genuine disputed issues of material fact. Sixth, there is no evidence that the failure of any other claimants to answer is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, as here, where claimants have withdrawn their claims. Accordingly, there is no impediment to default judgment sought by the Government and the Court will recommend that the motion be granted.

**RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS that:

1. The Government's Motion for Default Judgment against the interests of Amen Ahmed Ali and Zafran Ali be granted;

2. The Clerk of the Court enter a final judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the defendant currency to the United States to be disposed of according to law; and

3. Within ten (10) days of service of an order adopting these findings and recommendations, the United States shall submit a proposed final judgment

of forfeiture consistent with the findings and recommendations and order adopting them.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B). Within **fifteen (15)** days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

Dated:   **November 25, 2013**                             **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE